```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    BLUEFIELD
```

**ANDREW SNOW, III,**

      **Plaintiff,**

v.                                     CIVIL ACTION NO. 1:21-00013

**OAK HALL, et al.,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to exclude witnesses Pamela Hudgins and Terry Miller. See ECF No. 50. For the reasons expressed below, that motion is **DENIED**.

I.

On January 7, 2021, plaintiff Andrew Snow ("Snow") filed this action asserting several claims relating to the sale of certain property owned by him because of unpaid taxes. The subject property is located at 311 Red Sky Road, Princeton, Mercer County, West Virginia ("the Property"). In 2020, the property was sold for delinquent taxes for the year 2017. According to Snow, the sale of his property amounted to an unconstitutional taking of a home under color of state law, in violation of the notice requirements of the due process clause. The three-count complaint sets forth claims for deprivation of property without due process in violation of 42 U.S.C. § 1983

(Count I); slander to title (Count II); and violation of West Virginia Code §§ 11A-3-54 and 55 (Count III).  Named as defendants in the Complaint are WVTD, LLC, the purchaser of the property; Oak Hall, the incorporator and principal of WVTD; and G. Russell Rollyson, Jr., the Deputy Commissioner of Delinquent and Nonentered Lands of Mercer County, West Virginia.  On or about December 30, 2021, plaintiff settled his claims against Rollyson.

Pamela Hudgins, one of the subjects of the motion in limine, has resided at the Property since 2012.  Her boyfriend, Terry Miller, currently lives with her at the Property and was at the Property in the December 2019 timeframe.  It appears that although Hudgins began renting from Snow, she continues to rent from defendants WVTD and/or Oak Hall.

According to the motion in limine, WVTD and Oak Hall did not disclose Hudgins or Miller in their Federal Rule of Civil Procedure 26(a)(1) disclosures.  That rule requires a party, "without awaiting a discovery request," to provide to other parties, among other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses[.]"  Fed. R. Civ. P. 26(a)(1)(A).  The deadline for making those disclosures was April 13, 2021.  See

ECF No. 9.  In fact, defendants have not made Rule 26(a)(1) disclosures at all.

Pretrial disclosures pursuant to Rule 26(a)(3) were due by December 20, 2021.[*]  See ECF No. 15.  Once again, WVTD and Oak Hall did not timely make those disclosures.  On December 27, 2021, plaintiff filed a motion for discovery sanctions against WVTD and Oak Hall based upon their failure to make the aforementioned disclosures as well as their failure to produce certain documents.  See ECF No. 43.

Defendants' deadline for filing the integrated pretrial order was January 3, 2022.  Defendants did not meet this deadline and, only after being contacted by the court, did they file Defendant's Proposed Integrated Pretrial Order on January 7, 2022.  See ECF No. 49.  In that filing, WVTD and Oak Hall included their Rule 26(a)(3) disclosures.  They did not file a certificate of service indicating that those disclosures had been served on plaintiff.

Defendants do not offer any good excuses for their repeated failures to comply with the court's deadlines.  At the pretrial conference, held on January 10, 2022, counsel for defendant did indicate that he had been busy.  As to the specifics regarding

---

[*] The rule requires a party to disclose information about the evidence it may present at trial, including "the name and, if not previously disclosed, the address and telephone number of each witness . . . the party expects to present and those it may call if the need arises."  Fed. R. Civ. P. 26(a)(3)(A)(i).

their failure to disclose Hudgins and Miller as potential witnesses, defendants maintain that both witnesses were known to plaintiff.  Defendants also state that they did disclose Hudgins as a potential witness in their Response to Plaintiff's Interrogatories.  However, according to them, they did not know the particulars of her testimony until after plaintiff was deposed on November 2, 2021.  Likewise, defendants maintain they did not know Miller would be a possible witness until plaintiff's deposition.

After Snow's deposition on November 2, 2021, defendant Rollyson secured affidavits from both Hudgins and Miller.  Those affidavits are dated November 11, 2021, and were included as exhibits to Rollyson's motion for summary judgment, filed on November 19, 2021.  Plaintiff did not move to strike those affidavits or otherwise exclude them.

## II.

Federal Rule of Civil Procedure 37(c)(1) governs the failure to make disclosures.  If a party provides untimely or inadequate disclosures, Rule 37(c)(1) states that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  On motion, the court may choose to additionally or alternatively "(A) . . . order payment of the reasonable

expenses, including attorney's fees, caused by the failure; (B) . . . inform the jury of the party's failure; and (C) . . . impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37 (c)(1)(A)-(C).

The Fourth Circuit has held that district courts have broad discretion and should consider the following factors when determining whether the nondisclosure of evidence is substantially justified or harmless under Rule 37(c)(1):

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The purpose of Rule 37(c)(1) is to prevent "surprise and prejudice to the opposing party." Id. at 596. Hence, the Fourth Circuit's test "does not require a finding of bad faith or callous disregard of the discovery rules." Id.

Defendants bear the burden of demonstrating that the Southern States factors weigh against excluding the evidence. See Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014) ("The burden of establishing these [Southern States] factors lies with the non-disclosing party. . . .").

As noted above, defendants do not offer a good explanation for their failure to disclose the evidence. However, on the

record before it, the court concludes that the nondisclosure of Hudgins and Miller was harmless.

First, plaintiff should not be surprised by the disclosure of the two witnesses. They were not unknown to him. In fact, Hudgins had rented the Property from him since 2012. Apparently, at least for some of that time, Miller was living with Hudgins and, in his affidavit, Miller testified that he was familiar with Andrew Snow.

> In determining whether a nondisclosure is harmless, courts look at a number of factors, but the principal factor is whether the opponent will be prejudiced or surprised. In light of the central role of the discovery rules in eliminating surprise in civil matters, the extreme sanction of preclusion is simply not warranted when the importance of the additional witness was already known to the opponent. The seeds of this attitude are found in the commentary to Rule 37(c) itself. The Advisory Committee's comments identify, among other circumstances indicating that a failure would be harmless, the situations in which a party omits disclosure of a name of a potential witness known to all parties, or omits to list as a trial witness a person so listed by another party. Along the same lines, the supplementation provisions of Rule 26, which require updating a Rule 26(a)(1) disclosure throughout the life of a case, contain an exemption for information that has otherwise been made known to the party during the discovery process.

El Camino Resources, Ltd. v. Huntington Nat'l Bank, No. 1:07-cv-598, 2009 WL 1228680, at *2 (W.D. Mich. Apr. 30, 2009) (internal citations and quotations omitted); see also Townsend v. Monster Beverage Corp., 303 F. Supp.3d 1010 (C.D. Cal. 2018) (noting that a defendants' failure to disclose would be harmless where plaintiffs had already identified the witness in their own Rule

6

26 disclosures). According to defendants, it was only after Snow's deposition that they discovered that Hudgins and Miller might have relevant information regarding the lawsuit. To that end, defendant Rollyson obtained the affidavits from Hudgins and Miller. And, on December 10, 2021, defendants WVTD and Oak Hall supplemented their discovery responses to disclose both witnesses and their affidavits.

As for the second factor, plaintiff maintains that he has been prejudiced by "Defendants' untimely disclosure of proposed witnesses Terry Miller and Pamela Hudgins because the disclosure of their affidavits appears to have been deliberately delayed until after the discovery deadline had passed, preventing Plaintiff from deposing the two individuals." See ECF No. 50 at 3. The discovery deadline was November 15, 2021. The affidavits were disclosed no later than November 19, 2021, albeit by defendant Rollyson.

The surprise to plaintiff can be easily cured by reopening discovery for a short period to allow him to depose Hudgins and Miller. Doing so will require a continuance of the trial date but this case is only a year old and a short continuance will not unduly disrupt the court's schedule.

Finally, the court concludes that the evidence that plaintiff seeks to exclude is important as it goes to the heart of the case: whether Snow received notice of his Right to

Redeem. Therefore, while the court recognizes that the third Southern States factor (disruption of trial) weighs against a finding of harmlessness, on the whole the court finds defendants' nondisclosure to be harmless. See Gould v. Transamerica Life Ins. Co., CA-11-0730-WS-C, 2012 WL 13048566, at *7 (S.D. Ala. Oct. 16, 2012) ("[O]nce witnesses are disclosed by one party to the other party, both parties are aware that such witnesses have discoverable information such that any failure to supplement prior Rule 26(a) disclosures is harmless.").

Based upon the foregoing, the court **ORDERS** as follows:

1) Trial of this matter is **CONTINUED** until May 3, 2022, at 9:30 a.m., in Bluefield;
2) A final settlement conference is hereby scheduled for May 2, 2022, at 11:00 a.m.;
3) Jury instructions and proposed voir dire are due by April 25, 2022; and
4) Discovery is reopened to allow plaintiff to take the depositions of Pamela Hudgins and Terry Miller. Those depositions are to be completed no later than March 24, 2022.

As for defendants' repeated noncompliance with the court's orders, plaintiff's motion for discovery sanctions remains pending. See ECF No. 43. Rule 37(c)(1)(A) gives the court the power to "order payment of the reasonable expenses, including

attorney's fees, caused by the failure" of a party to disclose or supplement its Rule 26 disclosures. Rule 37(c)(1)(C) allows a court to "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." The court may do so only "on motion and after giving an opportunity to be heard." Id. Therefore, by separate order, the court will set plaintiff's motion for sanctions for a hearing and consider whether to impose sanctions.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and Order to all counsel of record and to any unrepresented party.

IT IS SO ORDERED this 24th day of January, 2022.

ENTER:

David A. Faber
Senior United States District Judge